IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
                                  :
KEVIN MCHUGH & JENEEN MCHUGH,     :      HON. JEROME B. SIMANDLE
                                  :
              Plaintiffs,         :      Civil No. 07-2970 (JBS)
                                  :
      v.                          :
                                  :          OPINION
JUANITA JACKSON, et al.,          :
                                  :
              Defendants.         :
                                  :
```

APPEARANCES:

Lee S. Bender, Esq.
THE LAW FIRM OF JOSEPH CHAIKEN
1800 JFK Boulevard
14th Floor
Philadelphia, PA 19103
     Attorney for Plaintiffs Kevin and Jeneen McHugh

Mari I. Grimes, Esq.
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002
     Attorney for Defendant Juanita Jackson

Jay A. Gebauer, Esq.
POST & SCHELL, PC
Overlook Center
100 Overlook Drive
2nd Floor
Princeton, NJ 08540
     Attorney for Defendant Gambro Healthcare, Inc.

Giacomo Francesco Gattuso, Esq.
SWEENEY & SHEEHAN
216 Haddon Avenue, Suite 500
Westmont, NJ 08108
     Attorney for Defendant Philadelphia Insurance Company

**SIMANDLE**, District Judge:

     This matter is before the Court upon the motion of Defendant

Gambro Healthcare, Inc. ("Gambro") to dismiss Plaintiffs'
Complaint and/or for summary judgment on account of Plaintiffs'
failure to timely file an affidavit of merit in accordance with
N.J.S.A. 2A:53A-26, et seq. [Docket Item 27].  As the following
discussion makes clear, Gambro filed this motion after its
protracted failure, over the course of more than a year, "to
provide plaintiff[s] with medical records or other records or
information having a substantial bearing on preparation of the
affidavit," N.J.S.A. 2A:53A-28, notwithstanding Plaintiffs'
extensive efforts to secure such discovery from Gambro.  Mindful
of the recognition by the New Jersey Supreme Court that "[t]he
Legislature did not intend to give medical malpractice defendants
the power to destroy a [potentially] meritorious malpractice
action by refusing to provide the very records the expert would
need to prepare [an] affidavit [of merit]," Ferreira v. Rancocas
Orthopedic Associates, 178 N.J. 144, 150 (2003), and for the
reasons explained below, the Court will deny Gambro's motion.

I.   **BACKGROUND**

    **A.   Plaintiffs' Allegations**

    This case arises out of a motor vehicle accident that took
place on July 6, 2005 in Cherry Hill, New Jersey.  (Compl. ¶ 9.)
According to the Complaint, Plaintiff Kevin McHugh was traveling
southbound on the highway when Defendant Juanita Jackson, also
driving southbound, "violently struck the rear of the plaintiff's

2

vehicle[,] causing severe, permanent damages and injuries to the plaintiff." (Id.)  Just prior to this accident, Plaintiffs allege, Ms. Jackson had been receiving dialysis treatment at Defendant Gambro's Cherry Hill facility, and prior to leaving Gambro's facility, she exhibited "signs and symptoms of being woozy, dizzy, and otherwise unable or unfit to drive a motor vehicle." (Id. at ¶ 13.)  Plaintiffs allege that the car accident occurred as a result of Ms. Jackson's and Gambro's negligence.

### B.  Discovery

Plaintiffs commenced this action on June 26, 2007, asserting claims of negligence and loss of consortium against Ms. Jackson and Gambro.[1]  Plaintiffs issued their interrogatories and document production requests to Gambro on August 20, 2007, and Gambro filed its Answer to the Complaint on September 27, 2007. (Bender Aff. ¶¶ 5-6.)[2]  On September 20, 2007, approximately

---

[1]  Plaintiffs originally asserted claims against additional Defendants, but subsequently stipulated to the dismissal of the claims against these Defendants, who are no longer parties to this action [Docket Items 8, 14].

[2]  As the Court explains, infra, Gambro styled the instant motion alternatively as a motion to dismiss and a motion for summary judgment.  Plaintiffs treated the motion as one for summary judgment, submitting exhibits in support of their opposition brief, and Gambro did the same in its reply brief. Accordingly, the Court, like the parties, treats this motion as one seeking summary judgment in order to consider the exhibits the parties submitted in support of, and in opposition to, Gambro's motion.

thirty days after Gambro was served with Plaintiffs'
interrogatories and document requests,[3] Lee S. Bender, Esq.,
counsel for Plaintiffs, wrote to Jay A. Gebauer, Esq., counsel
for Gambro, to remind Gambro that its responses were due,
requesting that they be provided "within ten (10) days."  (Pls.'
Br. Ex. F at 1.)  On October 2, 2007, having not received
Gambro's discovery responses, Mr. Bender again wrote to Mr.
Gebauer, stating that Gambro's responses were overdue, again
requesting that they be provided "within ten (10) days in order
to avoid the necessity of filing a motion."  (Id. at 2.)  Fifteen
days later, on October 17, 2007, Mr. Gebauer responded to Mr.
Bender's letter, stating, inter alia, that he believed that
Gambro's "answers to interrogatories are not yet technically due
in this case."  (Id. at 3.)  On October 22, 2007, Mr. Bender
replied to Mr. Gebauer's letter, explaining:

> Interrogatories and Request for Production of Documents
> were forwarded to you on August 20, 2007.  I have written
> several letters requesting same.  In order to avoid the
> necessity of filing a motion, please provide same within
> fifteen (15) days.

(Id. at 4.)

Gambro failed to provide the requested discovery within
fifteen days.  In addition, Mr. Gebauer failed to respond to Mr.
Bender's multiple letters (of January 24, 2008 and February 12,

---

[3]  See, e.g., Fed. R. Civ. P. 33(b)(2) ("The responding
party must serve its answers and any objections within 30 days
after being served with the interrogatories").

2008) seeking to schedule a deposition date with Gambro's corporate designee.  (Id. at 5-6.)  By February 29, 2008, Gambro still had not provided Plaintiffs with any of the requested discovery, and Mr. Bender again wrote to Mr. Gebauer, stating "if I am not in receipt of the discovery requested (and a deposition date for your corporate designee) in my letters of January 24th and February 12th and telephone calls to your office on February 1st and 13th by Friday, March 7, 2008, I will contact the Judge to set up a Motion to Compel and for Sanctions."  (Id. at 7.)

Gambro provided none of the requested discovery by March 7, 2008, and Plaintiffs filed a motion seeking to compel discovery on that same date.  (Pls.' Br. Ex. G at 1.)  In response to Plaintiffs' motion, Magistrate Judge Donio convened a telephone conference on March 26, 2008, following which Judge Donio issued an Amended Scheduling Order on March 31, 2008, requiring Gambro to produce Ms. Jackson's medical file by April 9, 2008 and extending all pretrial factual discovery until May 30, 2008. (Docket Item 18 at 1.)  On March 26, 2008, Plaintiffs issued a Supplemental Request for Production of Documents to Gambro, seeking, inter alia, all forms and literature provided by Gambro to Ms. Jackson "regarding dialysis treatment and procedures at the facility, including transportation provisions . . . [and] schedules," and Gambro's "policies and procedures for dialysis treatment at the facility . . . including transportation policies

5

and procedures . . ."  (Pls.' Br. Ex. I at 3.)

On April 8, 2008, Mr. Gebauer provided Plaintiffs with Ms. Jackson's medical file, but not with the remaining requested documents.  (Pls.' Br. Ex. J at 1.)  Following an exchange of telephone calls and letters in April and May, 2008, (Pls.' Br. Ex. K at 1), Mr. Bender wrote to Mr. Gebauer on August 5, 2008 regarding Gambro's failure to produce the documents requested in Plaintiffs' Supplemental Request for Production of Documents, stating:

> It has been over four (4) months since court[-]ordered Supplemental Discovery Requests were propounded upon you. We have received no responses.  If I am not in receipt of answers within seven (7) days I will immediately file a motion to compel and request sanctions.

(Pls.' Br. Ex. L at 1.)  Upon Gambro's continued noncompliance, Mr. Bender sent a similar letter on September 2, 2008, (Pls.' Br. Ex. N at 1), and, finally, on September 5, 2008, Mr. Gebauer sent to Plaintiffs copies of "the only relevant policies dealing with the issues of our case."[4]  (Pls.' Br. Ex. P at 1.)

## C.  Affidavit of Merit

After more than a year of discovery non-compliance, on October 9, 2008, Gambro filed a motion to dismiss and/or for

---

[4]  According to Plaintiffs' unrebutted evidence, even this belated production was incomplete: at the October 15, 2008 deposition of Kenneth Crine, Gambro's corporate designee, it became clear that Gambro had failed to produce a "patient information packet" and a "patient rights and responsibilities" document which fell within the scope of Plaintiffs' discovery request.  (Bender Aff. ¶ 22.)

summary judgment [Docket Item 27],[5] arguing that Plaintiffs'
claim against it fails as a matter of law on account of
Plaintiffs' failure to file an affidavit of merit in accordance
with N.J.S.A. 2A:53A-26, et seq.  On October 17, 2008, Plaintiffs
filed a sworn statement in lieu of an affidavit of merit pursuant
to N.J.S.A. 2A:53A-28, in which they summarized the history of
discovery problems reviewed above and stated that "Defendant's
excessive delays have prevented Plaintiffs from procuring a
timely Affidavit of Merit, despite Plaintiffs' many efforts to
obtain this discovery earlier."  (Bender Aff. ¶ 24.)  On October
23, 2008, Plaintiffs filed the affidavit of Cheryl L. Lachman, a
registered nurse, in which Ms. Lachman states that Gambro's
conduct at issue herein "fell outside acceptable professional
standards."[6]  (Lachman Aff. ¶ 2.)

## II.  DISCUSSION

### A.   Standard of Review

Defendant Gambro has styled the motion presently under
consideration alternatively as a motion to dismiss and as a
motion for summary judgment.  As the Court explained in Note 2,
supra, both parties have treated the motion as one for summary

---

[5]  See Note 2, supra.

[6]  Gambro has not challenged the sufficiency of Ms.
Lachman's affidavit under N.J.S.A. 2A:53A-27, and, without the
benefit of briefing from the parties, the Court does not address
the matter.

judgment, submitting evidence outside the pleadings in support of their respective positions.  As the parties themselves have treated Defendant's motion as a summary judgment motion, the Court follows their lead and will review the motion as one seeking summary judgment.

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

## B.   Analysis

Gambro argues that it is entitled to summary judgment as to Plaintiffs' claims against it because Plaintiffs failed to submit within sixty days of the filing of Gambro's Answer "an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or

occupational standards or treatment practices," in accordance with New Jersey's Affidavit of Merit statute.  N.J.S.A. 2A:53A-27.  For the reasons now explained, Gambro's motion will be denied.

The Affidavit of Merit statute's "essential goal is to put to rest unmeritorious and frivolous malpractice lawsuits at an early stage of litigation while allowing worthy claims to proceed through discovery and, if warranted, to trial."  Knorr v. Smeal, 178 N.J. 169, 176 (2003).  As the New Jersey Supreme Court has explained:

> The statute imposes a set of procedural requirements in order for a plaintiff to maintain a professional malpractice action.  First, the plaintiff must show that the complaint is meritorious by obtaining an affidavit from an appropriate, licensed expert attesting to the "reasonable probability" of professional negligence. Second, the affidavit must be provided to the defendant within sixty days of the filing of the answer or, for good cause shown, within an additional sixty-day period. Third, the plaintiff's failure to serve the affidavit within 120 days of the filing of the answer is considered tantamount to the failure to state a cause of action, subjecting the complaint to dismissal with prejudice.

Ferreira, 178 N.J. at 149-50 (citations omitted).

Critically, for purposes of deciding Defendant's motion, "[t]he statute also places certain burdens on the defendant to provide the documents necessary for the preparation of the affidavit by the plaintiff's expert."  Id. at 150.  Pursuant to

N.J.S.A. 2A:53A-28,[7] "[i]n the absence of [a defendant's] compliance with a document request, the plaintiff may provide a sworn statement, in lieu of the affidavit, certifying that the necessary records were not made available." Ferreira, 178 N.J. at 150. As New Jersey courts have recognized, the statute's "safety valve" provision is necessary to prevent a defendant from "us[ing], as both a sword and shield, the absence of the very records it has failed to divulge" when seeking the dismissal of a complaint. Aster ex rel. Garofalo v. Shoreline Behavioral Health, 346 N.J. Super. 536, 543 (App. Div. 2002).

It is precisely this sort of impermissible dual use that underlies Gambro's motion for summary judgment. Between September 2007 and October 2008, Gambro failed to timely produce Ms. Jackson's medical records and its policies "regarding dialysis treatment and procedures at the facility, including

---

[7] N.J.S.A. 2A:53A-28 provides in full:

An affidavit shall not be required pursuant to section 2 of this act if the plaintiff provides a sworn statement in lieu of the affidavit setting forth that: the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information requested, has been made by certified mail or personal service; and at least 45 days have elapsed since the defendant received the request.

N.J.S.A. 2A:53A-28 (footnote omitted).

transportation provisions . . . [and] schedules," (Pls.' Br. Ex.
I at 3),[8] necessitating no fewer than nine letters from
Plaintiffs' counsel repeatedly requesting that Gambro comply with
its basic discovery obligations, and requiring Plaintiffs to file
a motion to compel Gambro to produce the withheld documents.
After more than a year of failing to timely produce the
information Plaintiffs had requested, and before it had even
complied in full (albeit exceedingly belatedly) with its
obligations under Magistrate Judge Donio's March 31, 2008 Amended
Scheduling Order, see Note 4, supra, Gambro filed the instant
motion seeking dismissal based upon the absence of an affidavit
of merit.

New Jersey courts have consistently recognized that such
tactics cannot be employed to seek dismissal under the Affidavit
of Merit statute,[9] as the statute's safety valve provision makes

---

[8] Such records and policies are unquestionably "records or
information having a substantial bearing on preparation of the
affidavit" within the meaning of N.J.S.A. 2A:53A-28.  Plaintiffs
allege that Gambro's treatment of Ms. Jackson, and its policies
concerning post-treatment transportation of dialysis patients, as
those policies were applied in Ms. Jackson's case, fell below
acceptable professional standards.  The Court concludes without
reservation that Ms. Jackson's medical records, and Gambro's
policies concerning the treatment of dialysis patients, have a
substantial bearing upon an expert's capacity to prepare an
affidavit of merit in this case.

[9] See, e.g., Ferreira, 178 N.J. at 154 ("The statute was
not intended to encourage gamesmanship or a slavish adherence to
form over substance") (emphasis added); Aster, 346 N.J. Super. at
543.

plain.  See, e.g., Ferreira, 178 N.J. at 150 ("The Legislature did not intend to give medical malpractice defendants the power to destroy a meritorious malpractice action by refusing to provide the very records the expert would need to prepare [an] affidavit [of merit]"); Aster, 346 N.J. Super. at 543 ("A licensed professional should not be permitted to wrongfully withhold records and then also assert that the plaintiff has not stated a cause of action because the plaintiff has failed to provide an affidavit where the records are a necessary component in procuring such an affidavit").  In light of Gambro's failure "to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit," and Mr. Bender's affidavit persuasively attesting thereto, dismissal under N.J.S.A. 2A:53A-27 is inappropriate. See N.J.S.A. 2A:53A-28.

The Court will not dwell long on Gambro's unpersuasive arguments to the contrary.  First, Gambro claims that its failure to timely produce the requested discovery was attributable to the fact that "pursuant to HIPPA regulations, Gambro had to obtain authorization from co-defendant, Juanita Jackson, in order to disclose her private medical information," (Def.'s Reply Br. at 1), and suggests that an absence of bad faith is relevant to the N.J.S.A. 2A:53A-28 analysis.  The Court is unconvinced.  Gambro's argument concerning the significance, for N.J.S.A. 2A:53A-28

purposes, of whether it acted in bad faith is contrary to New Jersey law,[10] see Aster, 346 N.J. Super. at 543 ("good faith or not, the end result of [defendant's] non-production was the lack of medical records and the lack of an affidavit of merit"), and, as in Aster, the upshot of Defendant's failure to produce the requested discovery was that Plaintiffs were unable to produce an affidavit of merit.[11]  This is precisely the type of circumstance to which N.J.S.A. 2A:53A-28 is directed.  See Ferreira, 178 N.J. at 154.

Gambro also argues that Plaintiffs should be foreclosed from availing themselves of N.J.S.A. 2A:53A-28 because in the numerous letters and motion practice which Gambro's protracted discovery noncompliance compelled Plaintiffs to undertake, Plaintiffs did not specify that the records they repeatedly asked Gambro to

_____

[10]  It also bears noting that Gambro's explanation for its discovery noncompliance does not appear to justify its protracted failure to produce, between March 26, 2008 and September 5, 2008, documents relating to its dialysis and transportation policies, which presumably could have been disclosed without implicating HIPPA.

[11]  In its brief, Gambro speculates that "[P]laintiff[s] never would have filed the [affidavit of merit] if this motion had not been filed."  (Def.'s Reply Br. at 1.)  As the New Jersey Supreme Court has cautioned, "[t]he statute was not intended to reward defendants who wait for a default before requesting that the plaintiff turn over the affidavit of merit."  Ferreira, 178 N.J. at 154.  In any event, in light of Gambro's refusal to produce the "records or information having a substantial bearing on preparation of the affidavit," N.J.S.A. 2A:53A-28, Gambro cannot now be heard to speculate as to what Plaintiffs would or would not have filed had Gambro timely produced the requested discovery.

produce were necessary for the preparation of Plaintiffs'
affidavit of merit.  Gambro relies upon <u>Scaffidi v. Horvitz</u>, 343
N.J. Super. 552, 559 (App. Div. 2001), the first reported case
applying N.J.S.A. 2A:53A-28, wherein the Appellate Division found
that a plaintiff must "identify with specificity any medical
records or other information he believes are needed to prepare an
affidavit of merit, in order to trigger the running of the
forty-five day  period for a response."

A different panel of the Appellate Division later refused to
hold a litigant to this requirement, which is not called for by
the plain text of the statute itself, explaining that "the type
of limitation established in <u>Scaffidi</u> would provide a <u>wholly</u>
<u>undeserved windfall to the non-producing party</u>, which surely
could have inferred, if not the particular use plaintiff intended
to make of . . . [the] medical records, at least that they were
being sought in respect of litigation or a claim." <u>Aster</u>, 346
N.J. Super. at 548-49 (emphasis added).  In light of the New
Jersey Supreme Court's subsequent emphasis on the fact that the
Affidavit of Merit statute "places strong incentives on both
plaintiffs' <u>and defense counsel</u> to act diligently," and its
recognition that "[t]he statute was not intended to reward
defendants who wait for a default before requesting that the
plaintiff turn over the affidavit of merit," <u>Ferreira</u>, 178 N.J.
at 785 (emphasis added), this Court predicts that the New Jersey

Supreme Court would agree with the <u>Aster</u> court that the <u>Scaffidi</u> rule confers "a wholly undeserved windfall to the non-producing party," <u>Aster</u>, 346 N.J. Super. at 549, and would reject such a rule.  The rule formulated in <u>Scaffidi</u> finds no support in the plain language of N.J.S.A. 2A:53A-28, was rejected by <u>Aster</u>, is inconsistent with the New Jersey Supreme Court's approach to the statute in <u>Ferreira</u> and <u>Knorr</u>, and is not called for under the circumstances of this case.

Finally, the Court rejects Gambro's argument that Plaintiffs' N.J.S.A. 2A:53A-28 affidavit is itself untimely.  As the Appellate Division has held, "under a sensible reading of the statute, for purposes of determining the timeliness of an application to file a 'sworn statement' under N.J.S.A. 2A:53A-28, the application should relate back to the beginning of plaintiff's efforts to obtain the documents referred to in its application under that provision." <u>Aster</u>, 346 N.J. Super. at 545.  Plaintiffs' efforts to obtain the unproduced documents trace back to August 20, 2007 – before Gambro even filed its Answer to the Complaint – when Plaintiffs issued their interrogatories and initial document production requests to Gambro.  As in <u>Aster</u>, "these efforts, which [Gambro's] stonewalling thwarted, began well before the affidavit of merit filing deadline," <u>id.</u>, meaning that Plaintiffs' N.J.S.A.

2A:53A-28 affidavit was timely filed.[12]

III. **CONCLUSION**

For the reasons explained above, the Court will deny
Gambro's motion for summary judgment.  The accompanying Order is
entered.

**April 20, 2009**                        **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          United States District Judge

---

[12]  Although not necessary to the Court's holding, the Court
likewise finds that the doctrine of unclean hands forecloses
Gambro's challenge to the timeliness of Plaintiffs' N.J.S.A.
2A:53A-28 filing.  "In simple parlance, [the doctrine of unclean
hands] merely gives expression to the equitable principle that a
court should not grant relief to one who is a wrongdoer with
respect to the subject matter in suit."  Borough of Princeton v.
Board of Chosen Freeholders of Mercer County, 169 N.J. 135, 158
(2001) (citation omitted); see also Knorr, 178 N.J. at 177
(recognizing that "plaintiffs are entitled to claim the
protection of [] equitable doctrines" under the Affidavit of
Merit statute).  "While usually applied to a plaintiff, this
maxim means that a court of equity will refuse relief to any
party who has acted in a manner contrary to the principles of
equity."  Rolnick v. Rolnick, 262 N.J. Super. 343, 362 (App. Div.
1993) (internal quotations and citations omitted).  Having failed
over the course of a year to comply with its discovery
obligations, notwithstanding Plaintiffs' persistent efforts to
secure the withheld discovery, and having thereby refused "to
provide the very records the expert would need to prepare [an]
affidavit [of merit]," Ferreira, 178 N.J. at 150, Gambro has
engaged in "iniquitous conduct relating to the particular matter"
that is the subject of its motion, Rolnick, 262 N.J. Super. at
362, and, as a matter of equity, is foreclosed from prevailing
thereby.